ADRIAN M. PRUETZ (SBN 118215)
ERICA J. PRUETZ (SBN 227712)
PRUETZ LAW GROUP LLP
1600 Rosecrans Ave., 4th Floor
Manhattan Beach, California 90266
Telephone: (310) 321-7640
Facsimile:  (310) 321-7641
E-mail: ampruetz@pruetzlaw.com
E-mail: ejpruetz@pruetzlaw.com

RICHARD S. SILUK
BRIAN K. WUNDER
OSHA LIANG LLP
1221 McKinney St., Suite 2800
Houston, Texas 77010-2026
Telephone: (713) 228-8600
Facsimile:  (713) 228-8778
E-mail: siluk@oshaliang.com
E-mail: wunder@oshaliang.com

Attorneys for Defendants
Pollution Clothing LLC
and Jordan Scott Wunder

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| POLLUTION DENIM & CO., a California Corporation,<br><br>                              Plaintiff,<br><br>            vs.<br><br>POLLUTION CLOTHING CO. et al.,<br>                              Defendants.<br><br>POLLUTION CLOTHING LLC, an Oklahoma Limited Liability Company, and JORDAN SCOTT WUNDER, an | Case No.: CV 07-05208 MMM (JWJx)<br>*Hon. Margaret M. Morrow*<br><br>**DEFENDANTS POLLUTION CLOTHING LLC'S AND JORDAN SCOTT WUNDER'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

1  individual,

2                          Counterclaimants,

3          vs.

4  POLLUTION DENIM & CO., a
5  California Corporation, EYAL ALLEN
   DAHAN, an individual, and
6  CAVALIER SPORTSWEAR INC., a
7  California Corporation,

8                          Counterdefendants.

9

10                        **ANSWER**

11         Defendants Pollution Clothing LLC and Jordan Scott Wunder ("Defendants"),

12  for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint

13  ("Complaint"), plead as follows:

14                   **JURISDICTION AND VENUE**

15         1.     Defendants admit that Plaintiff purports to assert claims arising under

16  the Lanham Act but deny that those claims have any validity or that Plaintiff is

17  entitled to the relief sought.

18         2.     Defendants admit that the Court has subject matter jurisdiction.

19         3.     Defendants deny each and every allegation in paragraph 3.

20                             **PARTIES**

21         4.     Defendants are without knowledge or information concerning the

22  details of Plaintiff's organization, and therefore are unable to admit or deny these

23  allegations.

24         5.     Defendants admit that Pollution Clothing LLC is an Oklahoma limited

25  liability company organized and existing under the laws of the State of Oklahoma

26  with its principal place of business at 8212 Golden Oaks, Oklahoma City, Oklahoma

27  73127.  Except as expressly admitted, the allegations in paragraph 5 are denied.

28

Defendants' Amended Answer to Plaintiff's First Amended Complaint

6.     Defendants admit that Jordan Scott Wunder is an individual residing in Oklahoma and that he is the owner of a company called Pollution Clothing LLC. Otherwise denied.

7.     Defendants admit that Spirituali, Inc., is a retailer operating in California, but Defendants are without knowledge or information concerning the details of the organization of Spirituali, Inc., and therefore are unable to admit or deny these allegations.

8.     Defendants admit that Planet Funk is a retailer operating in California, but Defendants are without knowledge or information concerning the details of the organization of Planet Funk and therefore are unable to admit or deny these allegations.

9.     Defendants admit that Ryzen-7 is a retailer operating in California, but Defendants are without knowledge or information concerning the details of the organization of Ryzen-7 and therefore are unable to admit or deny these allegations.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

## CLAIMS RELATED TO "POLLUTION" MARK

11.    Defendants deny each and every allegation in paragraph 11.

12.    The allegations in the first sentence are denied.  The allegations in the second sentence are admitted.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

13.    Admitted.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    The allegations in the first sentence are admitted. As to the second sentence, Defendants admit that the mark "Pollution Clothing" was registered with the State of Oklahoma on December 19, 2005.  All other allegations are denied.

16.    Defendants deny each and every allegation in paragraph 16.

Defendants' Amended Answer to Plaintiff's First Amended Complaint

17.     Defendants admit that they received certain letters from the Doniger Law Firm relating to the use of the designation "Pollution Clothing," which letters speak for themselves. Otherwise denied.

18.     Defendants deny each and every allegation in paragraph 18.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Defendants deny each and every allegation in paragraph 20.

21.     Defendants deny each and every allegation in paragraph 21.

22.     Defendants deny each and every allegation in paragraph 22.

**FIRST CLAIM FOR RELIEF**

(For Trademark Infringement Under Lanham Act § 32- Against All Defendants, and Each of Them)

23.     The responses to paragraphs 1 through 22 are incorporated by reference.

24.     Defendants deny each and every allegation in paragraph 24.

25.     Defendants deny each and every allegation in paragraph 25.

26.     Defendants deny each and every allegation in paragraph 26.

27.     Defendants admit that Pollution Clothing LLC has advertised and sold goods in interstate commerce from Oklahoma, and that its goods are available for purchase from its website.   Otherwise Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Defendants deny each and every allegation in paragraph 28.

29.     Defendants deny each and every allegation in paragraph 29.

30.     Defendants deny each and every allegation in paragraph 30.

31.     Defendants deny each and every allegation in paragraph 31.

32.     Defendants deny each and every allegation in paragraph 32.

33.     Defendants deny each and every allegation in paragraph 33.

Defendants' Amended Answer to Plaintiff's First Amended Complaint

34.     Defendants deny each and every allegation in paragraph 34.

## SECOND CLAIM FOR RELIEF

(For Unfair Competition Under Lanham Act § 43 – Against All Defendants, Each of Them)

35.     The responses to paragraphs 1 through 34 are incorporated by reference.

36.     Defendants deny each and every allegation in paragraph 36.

37.     Defendants deny each and every allegation in paragraph 37.

38.     Defendants deny each and every allegation in paragraph 38.

39.     Defendants deny each and every allegation in paragraph 39.

## THIRD CLAIM FOR RELIEF

(For Common Law Trademark Infringement Against All Defendants, and Each of Them)

40.     The responses to paragraphs 1 through 39 are incorporated by reference.

41.     Defendants deny each and every allegation in paragraph 41.

42.     Defendants deny each and every allegation in paragraph 42.

43.     Defendants deny each and every allegation in paragraph 43.

44.     Defendants deny each and every allegation in paragraph 44.

## FOURTH CLAIM FOR RELIEF

(For Unfair Competition Under California Business And Professions Code § 17200 *et seq.* – Against All Defendants Each of Them)

45.     The responses to paragraphs 1 through 44 are incorporated by reference.

46.     Defendants deny each and every allegation in paragraph 46.

47.     Defendants deny each and every allegation in paragraph 47.

Defendants' Amended Answer to Plaintiff's First Amended Complaint

## FIFTH CLAIM FOR RELIEF

### (For False Description, Against All Defendants, and Each of Them)

48.    The responses to paragraphs 1 through 47 are incorporated by reference.

49.    Defendants deny each and every allegation in paragraph 49.

50.    Defendants deny each and every allegation in paragraph 50.

## SIXTH CLAIM FOR RELIEF

### (For Common Law Injury to Business Reputation and Economic Advantage, Against All Defendants, and Each of Them)

51.    The responses to paragraphs 1 through 50 are incorporated by reference.

52.    Defendants deny each and every allegation in paragraph 52.


## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Defendants assert the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

53.    The Court does not have personal jurisdiction over Defendant Jordan Scott Wunder.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

54.    Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

Defendants' Amended Answer to Plaintiff's First Amended Complaint

## THIRD AFFIRMATIVE DEFENSE

(Standing)

55.     Plaintiff lacks standing to assert one or more of its claims against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

56.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

57.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

58.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

59.     Plaintiff's claims are barred, in whole or in part, by its unclean hands concerning the subject matter of this action, including but not limited to the acts described in the following paragraph.

## EIGHTH AFFIRMATIVE DEFENSE

(Fraud and Illegality)

60.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's illegal and fraudulent acts.  Plaintiff, acting through its owner and president, Eyal Allen Dahan, has with fraudulent intent engaged in a course of conduct with the deliberate intent of obstructing and perverting the course of justice and misleading the Court and the United States Patent and Trademark Office concerning their dates of first

Defendants' Amended Answer to Plaintiff's First Amended Complaint

use of the mark "Pollution." Among other acts, Plaintiff and Mr. Dahan have forged and falsified commercial documents, including sales invoices, in an effort to create the false impression that Plaintiff and Mr. Dahan or a related Dahan-owned corporation, Cavalier Sportswear Inc., were using the term "Pollution" in connection with the offering and sale of wearing apparel at a date earlier than Defendants, and at a date earlier than the true date when any of them had actually adopted or used that term. Plaintiff and Mr. Dahan have used such forged documents and committed such fraudulent acts in a scheme to extort money from Defendants.  In addition, Mr. Dahan has committed perjury in this case by falsely stating under oath the length of time that Plaintiff Pollution Denim & Co. has existed.

## NINTH AFFIRMATIVE DEFENSE

### (Prior Use)

61.    Plaintiff's claims are barred, in whole or in part, because the use of "Pollution Clothing" by Defendants is prior in time to Plaintiff's use of its alleged name and marks.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.    Defendants rely on any applicable statute of limitations as a bar to Plaintiff's claims.

## COUNTERCLAIM

Based on actual knowledge as to itself and its own actions and upon information and belief as to all other persons and matters, Defendants Pollution Clothing LLC and Jordan Scott Wunder ("Defendants" or "Counterclaimants") for their Counterclaims against Pollution Denim & Co, Eyal Allen Dahan, and Cavalier Sportswear Inc. ("Counterdefendants"), allege as follows:

Defendants' Amended Answer to Plaintiff's First Amended Complaint

**PARTIES**

1.      Defendant and Counterclaimant Pollution Clothing LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.

2.      Defendant and Counterclaimant Jordan Scott Wunder is an individual residing in Oklahoma City, Oklahoma.

3.      Plaintiff and Counterdefendant Pollution Denim & Co. is a California corporation with its principal place of business in Los Angeles, California.

4.      Counterdefendant Eyal Allen Dahan ("Dahan") is a citizen of California residing and doing business in Los Angeles, California.

5.      Counterdefendant Cavalier Sportswear Inc. is a California corporation with its principal place of business in Los Angeles, California.

**JURISDICTION AND VENUE**

6.      These claims arise under the Declaratory Judgments Act, 28 U.S.C. § 2201, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, California state law and other state law, such as Oklahoma, and under common law.

7.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Counterdefendants reside, do business, and are subject to personal jurisdiction here, and because a substantial part of the events or omissions giving rise to the claims occurred here.

**FACTUAL BACKGROUND**

9.      Defendant Jordan Scott Wunder is the founder, president, and sole owner and employee of Pollution Clothing LLC.  He adopted the mark "Pollution Clothing" for use in the sale of clothing at least as early as February 2005, and in March 2005 he began selling clothing under that mark in Oklahoma.

Defendants' Amended Answer to Plaintiff's First Amended Complaint

10.     Mr. Wunder's "Pollution Clothing" business operated continuously from that point forward and continued to grow.  By August 2005, Mr. Wunder was offering, promoting and marketing apparel marked "Pollution Clothing" to consumers nationally through the Internet.

11.     On September 22, 2005, Mr. Wunder incorporated Pollution Clothing LLC in the State of Oklahoma to carry on the "Pollution Clothing" business.

12.     On December 19, 2005, Mr. Wunder registered the mark "Pollution Clothing" as a trademark in the State of Oklahoma, Registration No. 12091112.

13.     Following the formation of Pollution Clothing LLC, Mr. Wunder continued to design, market and sell apparel marked "Pollution Clothing" through his company by in-person sales at trade shows, through various stores, and through Internet sales.  The marketing and sale of "Pollution Clothing" apparel continued until the temporary restraining order was entered in this case.

14.     On November 28, 2005, an application to register the mark "Skin Pollution" for various types of apparel was filed in the United States Patent and Trademark Office by a predecessor-in-interest of Counterdefendant Pollution Denim & Co.  The "Skin Pollution" application was filed as an intent-to-use application. The applicant subsequently filed evidence of use claiming a date of first use in commerce of January 8, 2006.  The registration subsequently issued on December 5, 2006, as Registration No. 3,180,361.

15.     Mr. Wunder's adoption and use of the mark "Pollution Clothing" for apparel, as described above, including the national business presence established by the offering and promotion of "Pollution Clothing" apparel over the Internet, predates the filing date of the "Skin Pollution" trademark registration.

16.     On June 22, 2006, Eyal Allen Dahan, the president of Counterdefendant Pollution Denim & Co., filed an application under Serial No. 78/915016 to register "Pollution Denim & Co." as a trademark for apparel.  The application was filed as an intent-to-use application. In an Office Action dated

Defendants' Amended Answer to Plaintiff's First Amended Complaint

December 5, 2006, the trademark examiner initially refused registration in light of existing registrations for "Denim & Co." and "Denim & Co. Easy Care." The examiner also took notice of then-pending application Serial No. 78/761164 for "Skin Pollution," stating that there "may be a likelihood of confusion between the two marks," and indicating that the examiner "may refuse registration" of "Pollution Denim & Co." if the "Skin Pollution" application matured into a registration.

17.     On February 12, 2007, Counterdefendants' attorney filed a response on behalf of Pollution Denim & Co. asserting that "there is no likelihood of Confusion between Applicant's mark [Pollution Denim & Co.] and the pending registration of 'Skin Pollution.'" The trademark examiner accepted this argument and, in an Office Action of April 7, 2007, withdrew the citation of the "Skin Pollution" application, refusing registration solely on the basis of the registrations for "Denim & Co." and "Denim & Co. Easy Care."

18.     On November 9, 2006, Counterdefendants' attorney sent a letter to Counterclaimants alleging infringement of Counterdefendant Pollution Denim & Co.'s mark. On December 11, 2006, Counterclaimants' attorney e-mailed a letter to Counterdefendants' attorney stating that the "Pollution Clothing" mark had been in use since at least June 6, 2005, and asking for information concerning the earliest dates of use by Pollution Denim & Co. Counterdefendants' attorney did not provide the requested dates, but instead sent another cease-and-desist letter dated December 11, 2006. Counterclaimant heard nothing more from Plaintiff until July 2007.

19.     On December 19, 2006, eight days after Counterclaimants' attorney had e-mailed Counterdefendants' attorney stating that the "Pollution Clothing" mark had been in use since at least June 6, 2005, Counterdefendants' attorney filed a trademark application on behalf of Eyal Allen Dahan in the U.S. Patent and Trademark Office for the mark "Pollution," Application Serial No. 77067893, claiming a date of first use of May 5, 2005, and a date of first use in commerce of June 7, 2005. Those dates are substantially earlier than any date previously claimed

Defendants' Amended Answer to Plaintiff's First Amended Complaint

by Counterdefendants for any mark containing the term "Pollution." On information and belief, Counterdefendants knew those dates to be false when Application Serial No. 77067893 was filed. Nevertheless, those dates turned out to be later than Jordan Wunder's use of "Pollution Clothing" in March 2005.

20. When Counterdefendants learned after filing this lawsuit that Counterclaimants' use still preceded their newly-claimed dates of first use in Application Serial No. 77067893, Counterdefendants embarked on a fraudulent scheme to backdate their use of the "Pollution" mark still further in order to show a purported use date for the mark "Pollution" earlier than the dates established by Counterclaimants for "Pollution Clothing."

21. In furtherance of their fraudulent scheme, Counterdefendants took invoices for the sale of other merchandise and altered the descriptions of the goods sold to indicate that they were for "Pollution" apparel. Counterdefendants then claimed to have discovered "substantial" new evidence of use of the "Pollution" mark, going back to 2004, by Cavalier Sportswear Inc., another company owned Mr. Dahan. Acting through Mr. Dahan, Counterdefendants also have contacted one or more potential third-party witnesses in an effort to get them to say that Mr. Dahan was selling "Pollution" merchandise before Counterdefendants had ever offered any such merchandise for sale.

22. In further pursuit of Counterdefendants' fraudulent scheme to claim an earlier date of use, Mr. Dahan, in a USPTO filing dated November 26, 2007, amended the claimed dates of first use in Application Serial No. 77067893 to change them from May 5 and June 7, 2005, to December 8, 2004.

23. On or about August 10, 2007, Counterdefendant Pollution Denim & Co. filed this lawsuit against Counterclaimants Pollution Clothing LLC and Jordan Wunder, and various named and unnamed retailers. At the same time, Counterdefendants sought and obtained a temporary restraining order prohibiting

-12-

Defendants' Amended Answer to Plaintiff's First Amended Complaint

Counterclaimants from, among other things, offering or selling any "goods" bearing the mark "Pollution."

24.   On information and belief, Counterdefendants' lawsuit was timed to coincide with the August 2007 Pool Trade Show in Las Vegas, one of the biggest trade shows of the year, in order to cause the maximum disruption to Counterclaimants' business and to relationships with customers.

25.   In carrying out their scheme to disrupt Counterclaimants' business and to interfere with Counterclaimants' relationships with customers, Counterdefendants' attorney and Counterdefendant Dahan submitted declarations to the Court that both omitted and misrepresented material facts.   Among other things, Counterdefendants failed to tell the Court of the fact, known to them, that Counterclaimants had been doing business under the "Pollution Clothing" mark from a time prior to any date offered in evidence by Counterdefendants in support of a request for a restraining order.   In addition, Counterdefendants' attorney and Counterdefendant Dahan misrepresented the actions of the trademark examiner in refusing registration for "Pollution Denim & Co."  Instead of telling the Court that the examiner apparently had agreed with their argument that there was no likelihood of confusion between "Pollution Denim & Co." and "Skin Pollution" and had withdrawn the citation of that mark, Counterdefendants stated that registration had been refused on the basis of the "Skin Pollution" mark.  On information and belief, this was done to convince the Court that confusion was likely between "Pollution Clothing" and "Skin Pollution."

## **FIRST COUNTERCLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement of Trademark against

Pollution Denim & Co. and Dahan)

26.   The allegations in the preceding paragraphs are incorporated by reference.

Defendants' Amended Answer to Plaintiff's First Amended Complaint

27.     Counterdefendant Pollution Denim & Co. has charged Counterclaimants with infringing its trademarks and otherwise violating Counterdefendants' rights.  A justiciable controversy therefore exists between the parties.

28.     Counterclaimants have not infringed any trademark or other rights of Counterdefendant Pollution Denim & Co.

29.     Counterclaimants request that the Court declare that the use of the "Pollution Clothing" name and mark is not likely to cause confusion with Counterdefendants' marks, that it does not infringe or otherwise violate any trademark rights or other rights of Counterdefendants, and that Counterclaimants have the right to use the "Pollution Clothing" name and mark for wearing apparel throughout the United States.

30.     Counterclaimants further request that the Court declare that their rights to "Pollution Clothing" for wearing apparel are superior to any rights of Counterdefendants in the marks "Pollution Denim & Co.," "Skin Pollution," or any other mark containing the term "Pollution."

31.     Counterclaimants further request that the Court declare that Counterdefendant Dahan is not entitled to registration of the mark "Pollution" in the U.S. Patent and Trademark Office as sought in Application Serial No. 77067893.

## SECOND COUNTERCLAIM FOR RELIEF

(Unfair Competition/Trademark Infringement/False Designation of Origin under

15 U.S.C. § 1125 (a)(1)(A) against Pollution Denim & Co. and Dahan)

32.     The allegations in the preceding paragraphs are incorporated by reference.

33.     Although Counterclaimants deny that there is any likelihood of confusion between Counterclaimants' and Counterdefendants' respective names and marks, Counterclaimants plead in the alternative that, if a likelihood of confusion is found, Counterclaimants rights are superior to any rights of Counterdefendants.  In

Defendants' Amended Answer to Plaintiff's First Amended Complaint

that event, in view of Counterclaimants' prior use in some or all of the territories where Counterclaimants and Counterdefendants do business, Counterdefendants' use of the marks at issue infringes Counterclaimants' rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in any territories where Counterclaimants have prior rights.

34.   Still pleading in the alternative, Counterdefendant Dahan has directed, controlled, and personally participated in Counterdefendant Pollution Denim & Co.'s Lanham Act violations, and he is personally liable for those acts.

35.   Counterdefendants' conduct alleged herein infringes Counterclaimants' common law trademark rights, and constitutes common law trademark infringement of Counterclaimants' proprietary rights, as well as false designation of origin, false or misleading representation of fact and/or unfair competition.

36.   Counterclaimants have suffered, and, if Counterdefendants are not enjoined from their wrongful acts of trademark infringement, false designation of origin, false or misleading representation of fact and/or unfair competition as described herein, Counterclaimants will continue to suffer great and irreparable injury, loss and damage to its rights in and to the Pollution Clothing mark and the goodwill associated therewith, for which it has no adequate remedy at law.

37.   Due to the acts of Counterdefendants, Counterclaimants have suffered and will continue to suffer losses, including loss of business opportunities, and, if not preliminarily and permanently enjoined, Counterdefendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their acts of infringement.

38.   As the acts alleged herein violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and as Counterclaimants have no adequate remedy at law, Counterclaimants  are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, including

Defendants' Amended Answer to Plaintiff's First Amended Complaint

1  Counterdefendants' profits, treble damages, reasonable attorneys' fees, costs and
2  prejudgment interest.

### THIRD COUNTERCLAIM FOR RELIEF

(State and Common Law Trademark Infringement

Against Pollution Denim & Co. and Dahan )

6  39.   Counterclaimants reallege and incorporate by reference each and every
7  allegation contained in each of the above paragraphs as if fully set forth herein.

8  40.   Although Counterclaimants deny that there is any likelihood of
9  confusion between Counterclaimants' and Counterdefendants' respective names and
10  marks, Counterclaimants plead in the alternative that, if a likelihood of confusion is
11  found, Counterclaimants' rights are superior to any rights of Counterdefendants.  In
12  that event, in view of Counterclaimants' prior use in some or all of the territories
13  where Counterclaimants and Counterdefendants do business, Counterdefendants'
14  use of the marks at issue infringes Counterclaimants' state and common law rights.

15  41.   Still pleading in the alternative, Counterdefendants' use of the marks at
16  issue in connection with the offering and sale of clothing under those marks in
17  Oklahoma infringes Counterclaimants' registered "Pollution Clothing" mark in the
18  State of Oklahoma.

19  42.   Still pleading in the alternative, Counterdefendant Dahan has directed,
20  controlled and personally participated in Counterdefendants' acts of infringement
21  and he is personally liable for those acts.

22  **43.**   In the event a likelihood of confusion and infringement are found,
23  Counterclaimants are entitled to recover their actual damages, any profits resulting
24  from the infringement, a permanent injunction, impoundment and destruction of any
25  infringing goods, and exemplary damages as permitted by law.

26
27
28

Defendants' Amended Answer to Plaintiff's First Amended Complaint

## FOURTH COUNTERCLAIM FOR RELIEF

(Common Law Unfair Competition Against Pollution Denim & Co., Dahan, and Cavalier Sportswear)

44.     Counterclaimants reallege and incorporate by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

45.     Further, on information and belief, Counterdefendants filed this lawsuit and subsequent temporary restraining order with the aim of injuring Counterclaimants, depleting their resources, and by attempting to force them out of business before they could be heard in court. These acts were willful, deliberate, and done with malice, as shown by, among other things, Counterdefendants' failure to tell the Court, in declarations submitted to this Court, of Counterclaimants' prior use of "Pollution Clothing", their misrepresentation of the length of time that Plaintiff has been in existence, the forgery of commercial documents in a fraudulent effort to assert a date of first use of "Pollution" prior to Counterclaimants' use of "Pollution Clothing," and the use of fraud and forged documents as part of a scheme to extort money from Counterclaimants.

46.     Counterdefendants, by doing the acts alleged herein, have engaged in unfair competition under the common law of California and other states, such as Oklahoma.

47.     As a result of Counterdefendants' wrongful acts, Counterclaimants have suffered and will continue to suffer loss of income, profits and valuable business opportunities, and, if not preliminarily and permanently enjoined, Counterdefendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their wrongful acts.

48.     Counterdefendants' wrongful conduct described above was oppressive, fraudulent and malicious, entitling Counterclaimants to an award of punitive and exemplary damages in a sum sufficient to punish and make an example of Counterdefendants.

## FIFTH COUNTERCLAIM FOR RELIEF

(California Statutory Unfair Competition (Cal. Bus. & Prof. Code §17200)

Against Pollution Denim & Co., Dahan, and Cavalier Sportswear)

49.    The allegations in the preceding paragraphs are incorporated by reference.

50.    Counterdefendants' acts and practices, as alleged above, constitute unfair competition in violation of Cal. Bus. & Prof. Code §17200 *et seq.* Counterdefendants have engaged in unlawful, unfair or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §17200.

51.    On information and belief, Counterdefendants performed the above-mentioned acts for the purpose of injuring Counterclaimants and extorting money from them.  The above-described acts continue to this day and present a threat to Counterclaimants and the general public, the trade and consumers.

52.    As a result of Counterdefendants' wrongful acts, Counterclaimants have suffered and will continue to suffer loss of income, profits and valuable business opportunities, and, if not preliminarily and permanently enjoined, Counterdefendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their wrongful acts.

53.    Pursuant to Cal. Bus. & Prof. Code §17200, Counterclaimants seek an order of this Court preliminarily and permanently enjoining Counterdefendants from continuing to engage in the unlawful, unfair or fraudulent acts or practices set forth herein, as well as restitution or disgorgement of any monies received by Counterdefendants through such acts or practices.

## SIXTH COUNTERCLAIM FOR RELIEF

(Tortious Interference With Business Relationships And Prospective Economic Advantage Against Pollution Denim & Co., Dahan, and Cavalier Sportswear)

54.    The allegations in the preceding paragraphs are incorporated by reference.

-18-

Defendants' Amended Answer to Plaintiff's First Amended Complaint

55.   Counterdefendants have tortiously interfered with Counterclaimants' existing and/or prospective business or contractual relationships. They acted with knowledge of Counterclaimants' business relationships and with the intent to interfere with those relationships, without any privilege to do so.  Their acts were done with knowledge of Counterclaimants' prior use of the "Pollution Clothing" name and mark for clothing, and were willful, deliberate, and done with malice. Their malicious intent is shown by, among other things, their deliberate efforts to force Counterclaimants to give up their name and mark even after they were made aware of Counterclaimants' prior use; by their communications to Counterclaimants' customers and distributors, despite that knowledge, asserting that Counterclaimants were violating their rights, and by threats of retaliation against Counterclaimants' customers if they continued to do business with Counterclaimants; by the submission of false declarations in an effort to obtain a temporary restraining order to keep Counterclaimants from appearing at the August 2007 Pool Trade Show; and by their fraudulent fabrication of falsified commercial documents purporting to show dates of use of the "Pollution" mark earlier than their actual dates of use.

56.   Counterclaimants have been damaged by Counterdefendants' unlawful acts.  In the event tortious interference is found, Counterclaimants are entitled to recover their actual damages, disgorgement of any profits attributable to the tortious interference, a permanent injunction, and exemplary damages as permitted by law.

### SEVENTH COUNTERCLAIM FOR RELIEF

(Civil Conspiracy Against Pollution Denim & Co.,

Dahan, and Cavalier Sportswear)

57.   The allegations in the preceding paragraphs are incorporated by reference.

58.   Counterdefendants Pollution Denim & Co. and Cavalier Sportswear have conspired, with the active direction, control, and participation of

Defendants' Amended Answer to Plaintiff's First Amended Complaint

1  Counterdefendant Dahan, to falsify commercial documents purporting to show dates

2  of use of the "Pollution" mark earlier than their actual dates of use; to deceive the

3  Court, the U.S. Patent and Trademark Office, and Counterclaimants concerning the

4  dates of first use of the mark "Pollution;" and to extort money from

5  Counterclaimants through the use of fabricated documents and false representations

6  concerning their use of the mark "Pollution."

7       59.    Counterdefendants have committed overt acts in furtherance of their

8  conspiracy, including but not limited to the fabrication of falsified commercial

9  documents purporting to show the sale of "Pollution" merchandise that never

10  occurred; claiming false dates of use of the "Pollution" mark in filings with the

11  United States Patent and Trademark Office; and falsely representing in pleadings

12  filed in this Court when they began using the "Pollution" mark and how long

13  Pollution Denim & Co. has been in existence.

14       60.    Counterdefendants' conspiracy was conceived and formed and has

15  been carried out for the purpose and with the intent of injuring Counterclaimants,

16  driving them out of business, stealing their rights to the name and mark "Pollution

17  Clothing," and illegally extorting money from them.

18       61.    Counterclaimants have been injured as a proximate result of

19  Counterdefendants' conspiracy, for which Counterdefendants are jointly and

20  severally liable. Unless enjoined, Counterdefendants will continue their unlawful

21  acts, causing irreparable harm to Counterclaimants for which they have no adequate

22  remedy at law.

23       62.    Counterclaimants are entitled to injunctive relief and to their actual

24  damages, punitive damages, costs of suit, and reasonable attorneys' fees, in addition

25  to any other available remedies.

26

27

28

Defendants' Amended Answer to Plaintiff's First Amended Complaint

# **PRAYER FOR RELIEF**

Counterclaimants respectfully request the following relief:

A.      Dismissal of the Complaint of Counterdefendant Pollution Denim & Co. in its entirety, with prejudice;

B.      Declaratory Judgment that Counterclaimants' use of the "Pollution Clothing" name and trademark for clothing does not infringe or otherwise violate any trademark rights or other rights of Counterdefendants under federal or state law; and that Counterclaimants have the right to use the "Pollution Clothing" mark in connection with clothing in Oklahoma and throughout the United States;

C.      Declaratory Judgment that Counterclaimants' rights to the "Pollution Clothing" trademark for clothing are superior to any rights that Counterdefendants may have to "Pollution Denim & Co.," "Skin Pollution," "Pollution," or any other name or mark containing the term "Pollution" in connection with clothing;

D.      Declaratory Judgment that Counterdefendant Dahan is not entitled to registration of the mark "Pollution" in the U.S. Patent and Trademark Office as sought in Application Serial No. 77067893 because he is not the prior user and because of the fraud committed in connection with that application;

E.      An award to Counterclaimants of their damages, any profits of Counterdefendants, and any exemplary or enhanced damages to which they may be entitled under 15 U.S.C. §1117 or under state law, jointly and severally against the Counterdefendants where appropriate;

F.      An order for the disgorgement and restitution by Counterdefendants of all money, benefits, or property acquired by any of them from any acts in violation of the California Unfair Competition Act, and an award of all such amounts to Counterclaimants;

G.      Entry of a permanent injunction against Counterdefendants Pollution Denim & Co., Dahan, and Cavalier Sportswear enjoining them from any further unlawful acts and practices as found by the Court or jury;

Defendants' Amended Answer to Plaintiff's First Amended Complaint

1    H.    An order directing the cancellation, restriction, or reformation of

2  Counterdefendants' federal registration for "Skin Pollution," as appropriate;

3    I.    A finding that this is an exceptional case and that Counterclaimants are

4  entitled to their reasonable attorneys' fees under 15 U.S.C. § 1117, or under any

5  other applicable law;

6    J.    An award to Counterclaimants of their costs of suit;

7    K.    Prejudgment and post-judgment interest according to law; and

8    L.    An award to Counterclaimants of any other relief that the Court finds to

9  be appropriate and equitable under the circumstances.

10

11  DATED: December 28, 2007          **PRUETZ LAW GROUP LLP**

12                                    **OSHA LIANG LLP**

13

14                                    By  /s/  Richard S. Siluk
                                          _____
15                                        Richard S. Siluk
                                          Attorneys for Defendants and
16                                        Counterclaimants Pollution Clothing LLC and
                                          Jordan Scott Wunder
17

18

19

20

21

22

23

24

25

26

27

28

-22-
Defendants' Amended Answer to Plaintiff's First Amended Complaint