Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
**DONIGER LAW FIRM**
300 Corporate Pointe, Suite 355
Culver City, CA 90230
Telephone  (310) 590-1820
Facsimile   (310) 417-3538
Email  stephen@donigerlawfirm.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLLUTION DENIM & CO., a California Corporation,<br><br>Plaintiff, Counterdefendant<br><br>vs.<br><br>POLLUTION CLOTHING CO., et al.,<br><br>Defendants, Counterclaimant<br><br>And Related Counterclaims<br>_____ ) | Case No.: CV07-05208 MMM (JWJx)<br>*Hon. Margaret M. Morrow*<br><br>**COUNTERDEFENDANT EYAL ALLEN DAHAN's ANSWER TO DEFENDANTS' FIRST AMENDED COUNTERCLAIM** |

## EYAL ALLEN DAHAN's ANSWER TO COUNTERCLAIMS:

Eyal Allen Dahan ("Counterdefendant") generally denies any and all allegations, speculation and factual assertions made by Defendants Pollution Clothing Co. and Jordan Scott Wunder, (collectively "Defendants") in all paragraphs of Defendants' counterclaims as follows.  Counterdefendant also generally denies any and all allegations to the extent Defendants seek declaratory relief.  Counterdefendant also maintains the separateness of himself and the corporate counterdefendant Pollution Denim & Co., and no response asserted herein which fails to expressly or impliedly draw that distinction is to be construed as an admission of any kind, but is simply the result of Defendants' overall poor drafting of their counterclaims.

Counterdefendant replies to defendant's counterclaim as follows:

1. In answering the first paragraph, Counterdefendant admits the allegations contained therein.

2. In answering the second paragraph, Counterdefendant admits the allegations contained therein.

3. In answering the third paragraph, Counterdefendant admits the allegations contained therein.

4. In answering the fourth paragraph, Counterdefendant admits that the claims arise under the Lanham Act, 15 U.S.C. §1051 et. seq., California state law, and under common law.  As to all other information contained herein, Counterdefendant is without sufficient information to form a response and on that basis denies same.

5. In answering the fifth paragraph, Counterdefendant admits the allegations contained therein.

6. In answering the sixth paragraph, Counterdefendant admits that this Action currently sits in a proper venue.

7. In answering the seventh paragraph, Counterdefendant lacks sufficient information or belief to admit or deny the allegations in said paragraph, and basing its response on such lack of information and belief, Counterdefendants deny, generally and specifically, said allegations contained therein.

8. In answering the eighth paragraph, Counterdefendant lacks sufficient information or belief to admit or deny the allegations in said paragraph, and basing their response on such lack of information and belief, Counterdefendants deny, generally and specifically, said allegations contained therein.

9. In answering the ninth paragraph, Counterdefendant admits the allegations contained therein.

10. In answering the tenth paragraph, Counterdefendant admits the allegations contained therein.

11.  In answering the eleventh paragraph, Counterdefendant lacks sufficient information or belief to admit or deny the allegations in said paragraph, and basing their response on such lack of information and belief, Counterdefendant denies, generally and specifically, said allegations contained therein.

12.  In answering the twelfth paragraph, Counterdefendant admits the allegations contained therein.

13.  In answering the thirteenth paragraph, Counterdefendant lacks sufficient information or belief to admit or deny the allegations in said paragraph, and basing their response on such lack of information and belief, Counterdefendant denies, generally and specifically, said allegations contained therein.  Further, Counterdefendant specifically denies that Defendants' offering and promotion of "Pollution Clothing" apparel over the Internet established a "national business presence" predating either Counterdefendant's "Skin Pollution" trademark filing date or prior national use.

14.  In answering the fourteenth paragraph, Counterdefendant denies that the examiner took notice of then-pending application Serial No. "78/61164."  Assuming Defendant mistakenly transcribed the serial number, "78/61164" and intended to reference Serial No. 78/761664, Counterdefendant admits the allegations contained in paragraph fourteen.

15.   In answering the fifteenth paragraph, Counterdefendant admits that its counsel filed a response as stated, and that the trademark examiner refused registration based on the registration for "Denim & Co." and Denim & Co. Easy Care", but lacks sufficient information or belief to admit or deny whether the examiner "accepted" any other argument made by Plaintiff and therefore denies that allegation.

16.  In answering the sixteenth paragraph, Counterdefendant admits that on November 9, 2006, and December 11, 2006, Counterdefendant's attorney sent the

cited "cease and desist" letters to Defendant, but denies that it failed to reply to any response from Defendant's trademark violations, or that between December 11, 2006 and July 2007 Defendant heard nothing more from Plaintiff.

17.  In answering the seventeenth paragraph, Counterdefendant admits that on December 19, 2006, Counterdefendant's attorney filed a trademark application on behalf of Eyal Allen Dahan in the U.S. Patent and Trademark Office for the mark "Pollution," Serial Number 77067893, claiming a date of first use of May 5, 2005, and a date of first use in commerce of June 7, 2005.  Counterdefendant denies the allegations in the last sentence of paragraph seventeen to the extent that the Defendant states that "these dates are substantially earlier than any date previously claimed by Counterdefendants for any mark containing the term "Pollution."

18.  In answering the eighteenth paragraph, Counterdefendant admits the allegations contained therein.

19.  In answering the nineteenth paragraph, Counterdefendant denies the allegations therein.

20.  In answering the twentieth paragraph, Counterdefendant generally and specifically denies the allegations contained therein, except that it admits that its application for a TRO relied on its registered trademark and did not discuss Plaintiff's actual dates of use or Defendants then unsubstantiated alleged dates of use.

22.  In answering the twenty-second paragraph, Counterdefendant admits the allegations contained therein.

23.  In answering the twenty-third paragraph, Counterdefendant denies allegations therein.

24.  In answering the twenty-fourth paragraph, Counterdefendant admits that this paragraph reflects what Counterclaimant is understood to be requesting.

25.  In answering the twenty-fourth paragraph, Counterdefendant admits that this paragraph reflects what Counterclaimant is understood to be requesting.

4
Answer of Eyal Allen Dahan to Amended Counterclaim

26.  In answering the twenty-fourth paragraph, Counterdefendant admits that this paragraph reflects what Counterclaimant is understood to be requesting.

28.  In answering the twenty-eighth paragraph, Counterdefendant denies that Defendant's rights are superior to any of Counterdefendant's rights, and denies that Counterdefendant's prior use of "Pollution Denim & Co." infringed any of Defendant's rights in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).   In answering the twenty-eighth paragraph, Counterdefendant generally denies each of the remaining allegations.

29.  In answering the twenty-ninth paragraph, Counterdefendant denies all allegations therein, to the extent it can be answered intelligibly or comprehensively.

30.  In answering the thirtieth paragraph, Counterdefendant denies the allegations therein.

31.  In answering the thirty-first paragraph, Counterdefendant denies, generally and specifically, said allegations contained therein.

32.  In answering the thirty-second paragraph, Counterdefendant denies all allegations therein.

33.  In answering the thirty-third paragraph, Counterdefendant denies all allegations therein.

35.  In answering the thirty-fifth paragraph, Counterdefendant denies all allegations therein.

36.  In answering the thirty-sixth paragraph, Counterdefendant denies all allegations therein.

37.  In answering the thirty-seventh paragraph, Counterdefendant denies all allegations therein.

38.  In answering the thirty-eighth paragraph, Counterdefendant denies allegations therein.

40. In answering the fortieth paragraph, Counterdefendant denies each and every allegation therein.

41. In answering the forty-first paragraph, Counterdefendant denies the allegations therein.

42. In answering the forty-second paragraph, Counterdefendant denies the allegations therein.

43. In answering the forty-third paragraph, Counterdefendant denies each and every allegation therein.

45. In answering the forty-fifth paragraph, Counterdefendant denies each and every allegation therein.

46. In answering the forty-sixth paragraph, Counterdefendant denies each and every allegation therein.

47. In answering the forty-seventh paragraph, Counterdefendant denies each and every allegation therein.

48. In answering the forty-eighth paragraph, Counterdefendant admits that this is what Counterclaimant seeks.

50. In answering the fiftieth paragraph, Counterdefendant denies each and every allegation therein.

51. In answering the fifty-first paragraph, Counterdefendant denies each and every allegation therein.

///

///

///

WHEREFORE, Counterdefendant requests that the Court DENY the Counterclaims of Defendants, enter judgment in Counterdefendant's favor and award it reasonable attorneys' fees as allowed by law, the costs of proffering this defense and such other, further and different relief as the Court deems just and proper.

                                Respectfully submitted,

**DONIGER LAW FIRM**

Dated: December 31, 2007       By:  /s/ Stephen M. Doniger
                                                Stephen M. Doniger, Esq.
                                                Attorneys for Counterdefendants
                                                POLLUTION DENIM & CO. and
                                                EYAL ALLEN DAHAN